United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TANYA D. MCMILLEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-CV-937 |
| § | |
| SAM HOUSTON ELECTRIC § | |
| COOPERATIVE, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Rules 8(a) and 12(b)(6).[2] (Dkt. No. 7.) The Court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss (*Id.*).

### I. BACKGROUND

On March 8, 2023, *pro se* Plaintiff Tanya D. McMillen ("Plaintiff") filed this suit against Defendant Sam Houston Electric Cooperative, Inc. ("SHECO") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, complaining of retaliation and discrimination based on race, color, sex, and age. (Dkt. No. 1 at 1-2; Dkt. No. 1-2 at 1.)

Plaintiff states that she interviewed for a job with SHECO but was not selected. (Dkt. No.

---

[1] The parties consented to proceed before the Undersigned Magistrate Judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. No. 25.)
[2] Also pending before the Court is Plaintiff's Motion for Hearing to Express Concerns (Dkt. No. 10), which the Court **DENIES AS MOOT**.

1 at 2.) Plaintiff complained to SHECO that she was not hired because of her sex. (Dkt. No. 1-2 at 1.) Plaintiff believes SHECO retaliated against her after she made the complaint because Plaintiff did not receive interviews at other job openings that she applied for. (*Id.*)

On March 31, 2023, Plaintiff filed a three-page letter with the Court titled "Original Complaint" that provided additional facts regarding her claims and detailed her request for approximately $1.5 million dollars in damages ("Supplemental Complaint").[3] (Dkt. No. 6.)

On April 28, 2023, Defendant filed a Motion to Dismiss Plaintiff's Claims Pursuant to Rules 8(a) and 12(b)(6). (Dkt. No. 7.) On July 12, 2023, Plaintiff filed a response and asked the Court to deny the motion in its entirety. (Dkt. No. 17.)

## II. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, a court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pleaded facts. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor

---

[3] Defendant refers to Plaintiff's March 31, 2023 Letter to the Court as a supplemental complaint. (Dkt. No. 7 at 3.)

of a plaintiff, a plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). "It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. However, . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotations and citations omitted).

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

### III. DISCUSSION

Title VII prohibits "an employer from discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment" based on race, color, religion, sex, or national origin. *Adams v. Mem'l Hermann*, No. 4:15-CV-01270, 2018 WL 5886800, at *4 (S.D. Tex. Nov. 9, 2018) (citing 42 U.S.C. § 2000e-2.), *aff'd*, 973 F.3d 343 (5th Cir. 2020).

In Plaintiff's employment discrimination complaint, Plaintiff checked boxes for discrimination based on race, color, and sex. (Dkt. No. 1 at 2.) Plaintiff also alleged she was retaliated against by SHECO. (*Id.*) Plaintiff attached her Equal Employment Opportunity Commission ("EEOC") charge of discrimination to her complaint, which alleged retaliation and discrimination based on race, sex, and age. (Dkt. No. 1-2 at 1.) Approximately three weeks later, Plaintiff filed a Supplemental Complaint which provided factual background, asked the Court for "monetary compensation for being blackballed and discriminated against," and requested

approximately $1.5 million dollars in damages. (Dkt. No. 6 at 1-3.) In response, SHECO filed a Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim for discrimination on the basis of race, color, sex, or age.[4] (Dkt. No. 7 at 8.)

    a.   <u>Plaintiff's Title VII claims based on failure to employ should be dismissed.</u>

Plaintiff brings race, color, sex, and age discrimination claims against SHECO under Title VII. (Dkt. No. 1 at 1-2.) To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for the position she held; (3) was subject to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of her protected class. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

SHECO does not contest that Plaintiff belonged to a protected class but denies that Plaintiff was qualified for the position sought. (Dkt. No. 7 at 8.) In her Response, Plaintiff states she was discriminated against because of her age, gender, and sex, and does not address her discrimination claims based on race or color. (Dkt. No. 17 at 2.) Plaintiff briefly mentions that she applied for an entry level position, suggesting that the job had no requirements. (*Id.* at 3.)

A plaintiff is "qualified" for a position if the "objective requirements" for the position are met. *Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003). Plaintiff's Complaint does not

---

[4] Defendant also argues that Plaintiff's Complaint fails to meet the requirements of Rule 8(a)(2). (Dkt. No. 7 at 6-7.) Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a complaint filed by a *pro se* litigant is poorly articulated, it should not be dismissed unless it appears from the complaint that the plaintiff has failed to state a cognizable claim. The test is whether "within the universe of theoretically provable facts, there exists a set which can support a cause of action under this complaint indulgently read." *Covington v. Coles*, 528 F.2d 1365, 1370 (5th Cir. 1976). Having reviewed Plaintiff's complaint, the Court finds the Complaint generally meets the pleading requirements set forth in Rule 8.

address her qualifications. (Dkt. No. 1.) In her Supplemental Complaint, Plaintiff appeared to acknowledge that she had no experience in the type of work that she applied for and stated that "[e]ntry level is zero experience needed." (Dkt. No. 6 at 1.) Plaintiff also generally discussed her work history, but she did not describe how it related to the position she applied for. (*Id.* at 1-2.) Simply put, Plaintiff has failed to plead facts tending to show that she was qualified for the position for which she was allegedly passed over. *See Franklin v. Managed Labor Sols., LLC*, No. 4:22-CV-1619, 2022 WL 17980265, at *2 (S.D. Tex. Dec. 7, 2022), *report and recommendation adopted*, No. 4:22-CV-01619, 2022 WL 17980462 (S.D. Tex. Dec. 28, 2022) (dismissing a sex discrimination claim for the same reasoning).

SHECO also denies that Plaintiff was treated less favorably than others similarly situated outside of her protected class. (Dkt. No. 7 at 8.) In her Response, Plaintiff generally argues that SHECO only hires men. (Dkt. No. 17 at 3-4.) In the EEOC charge attached to her complaint, Plaintiff alleged that the position she applied for was "filled with a less qualified and male employee." (Dkt. No. 1-2 at 1.)

Similarly situated is defined narrowly and requires the employees' situations to be "nearly identical." *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005). Employees are similarly situated when they (1) "held the same job or responsibilities," (2) "shared the same supervisor or had their employment status determined by the same person," and (3) "have essentially comparable violation histories." *West v. City of Houston, Texas*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (footnotes omitted)). Here, Plaintiff has failed to plead facts that allow for the Court to make an inference that Plaintiff was treated less favorably than a similarly situated employee outside of her protected class in nearly identical circumstances. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470–71 (5th Cir. 2016)

(indicating that the plaintiff pleaded no facts that suggested the applicant hired by the defendant was less qualified than plaintiff or was similarly situated).

Accordingly, because Plaintiff's Complaint fails to allege facts from which the Court could reasonably infer that she was not hired *because of* her protected status, Plaintiff's race, color, sex, and age discrimination claims must be dismissed.

b. <u>Plaintiff's Title VII claim based on retaliation should be dismissed.</u>

Plaintiff brings a retaliation claim against SHECO under Title VII. (Dkt. No. 1 at 1-2.) Plaintiff claims SHECO retaliated against her after she complained to SHECO that she was not hired because of her sex because Plaintiff did not receive interviews at other job openings that she applied for. (Dkt. No. 1-2 at 1.)

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: "(1) [he or she] has engaged in activity protected by Title VII; (2) the employer took adverse employment action against [him or her]; and (3) a causal connection exists between that protected activity and the adverse employment action." *Smith v. Home Depot U.S.A., Inc.*, 102 F. Supp. 3d 867, 878 (E.D. La. 2015) (quotations omitted). Defendant contends Plaintiff's Complaint fails to state a plausible retaliation claim because Plaintiff's claim lacks a causal connection between the protected activity and adverse action. (Dkt. No. 7 at 12.)

"[T]o satisfy the 'causal link' requirement of a Title VII retaliation claim, the employee must provide substantial evidence that 'but for' exercising protected rights, she would not have been discharged." *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705–06 (5th Cir. 2016) (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)). Plaintiff does not make clear in her pleadings that she applied to other positions at SHECO or identify what job openings she applied outside of stating that she "applied to companies that contract for SHECO and couldn't

get a job." (Dkt. No. 6 at 1.) This is insufficient to plead retaliation because Plaintiff does not allege a causal connection between the alleged adverse action and her complaint. Accordingly, because Plaintiff's Complaint fails to allege facts giving rise to a claim for retaliation under Title VII, Plaintiff's claim must be dismissed.

### IV. CONCLUSION

Based on the foregoing, the Court finds that Defendant's Motion to Dismiss Plaintiff's Claims Pursuant to Rules 8(a) and 12(b)(6) (Dkt. No. 7) is **GRANTED**. This lawsuit is **DISMISSED WITH PREJUDICE**. All other pending motions (Dkt. No. 10) are **DENIED AS MOOT**.

**SIGNED** in Houston, Texas on November 30, 2023.

Sam S. Sheldon
United States Magistrate Judge